IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MYRON STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 4670 |
| | ) | |
| ILLESE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER DENYING OFFICER MARTIN'S
RULE 12(b)(5) MOTION TO DISMISS

JAMES F. HOLDERMAN, Chief Judge:

This matter is before the court on a "Rule 12(b)(5) Motion to Dismiss" (Dkt. No. 13 ("Mot. to Dismiss")) by defendant Illese Martin, a police officer with the Village of Riverdale, Illinois ("Officer Martin"). The motion asserts that plaintiff failed to effectuate timely service of process as required by Federal Rule of Civil Procedure 4(m). For the reasons stated below, Officer Martin's motion is denied.

BACKGROUND

On June 14, 2012, the last day under the two-year statute of limitations, plaintiff Myron Stanley ("Stanley") filed a § 1983 complaint against Officer Martin in her individual capacity. Officer Martin at the time was and still is a full-time Village of Riverdale police officer. Plaintiff Stanley's complaint alleges that Officer Martin violated Stanley's civil rights on June 14, 2010, and that Officer Martin committed battery against Stanley. (Dkt. No. 1 ("Compl.").) Officer Martin was not served with summons until November 9, 2012, nearly five months after the complaint's June 14, 2012 filing date. (Mot. to Dismiss ¶ 2.)

1

In his response brief, Stanley explains his efforts to serve Officer Martin as follows: On June 14, 2012, Stanley mailed a notice of the recently commenced lawsuit to Officer Martin at the Riverdale Police Department, including a copy of the complaint and a waiver of service. (Dkt. No. 16 ("Pl.'s Resp.")) at Add'l Allegations ¶ 1.) On August 10, 2012, apparently having received no response to the notice and waiver, "Plaintiff's counsel inquired of the Riverdale Police Department if Officer Martin was still a member of the police department and was advised that she was no longer a member of the Department." (*Id*. ¶ 2.) Stanley then retained a private investigator to locate Officer Martin, who subsequently advised Stanley that Officer Martin was indeed a member of the Riverdale Police Department. (*Id*. ¶ 3.) Officer Martin was personally served on November 9, 2012, twenty-eight days after service was due under Rule 4(m). (*Id*. ¶ 3.)

Officer Martin attests that she was not aware of Stanley's lawsuit nor any attempts to serve her prior to November 9, 2012. (Mot. to Dismiss, Ex. 2 ("Martin Aff.") ¶ 5.) Officer Martin further attests that since April 2012, she has been assigned to do administrative work at the Riverdale Police station during the hours of 8:00 a.m. to 4:00 p.m., Monday through Friday, and has been accessible to the general public during this work shift. (*Id*. ¶¶ 2-4.)

In her motion to dismiss, Officer Martin argues that because she was not served with process within 120 days after the filing of the complaint, as required by Federal Rule of Procedure 4(m), Stanley's lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Mot. to Dismiss ¶ 5.)

LEGAL STANDARD

Federal Rule of Civil Procedure 4(m)[1] provides the time requirement within which a plaintiff must accomplish service of process after filing the complaint. If service is not made in a timely fashion under Rule 4(m), it is the plaintiff's burden to demonstrate good cause for this failure. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (citing *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988)). If the plaintiff meets this burden and demonstrates good cause for the untimely service, the court must provide the plaintiff with an extension of time. *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). Good cause exists if the plaintiff can point to a "valid reason" for the delay in service. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Although there is no precise test for good cause, the plaintiff must show, at a minimum, "reasonable diligence" in his or her efforts to serve the defendant. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (citing *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)).

However, even if a court were to determine that good cause for plaintiff's failure does not exist, it may still consider, in its discretion, whether an extension of time to serve defendant would otherwise be appropriate. *Panaras*, 94 F.3d at 340. "[I]f good cause for the delay is shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time . . . ." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (emphasis in original). Therefore, absent a

---

[1] [1]Rule 4(m) reads, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

showing of good cause, the court must consider whether, in its discretion, a permissive extension of time is warranted under the facts of a particular case. *Panaras*, 94 F.3d at 341.

When making this determination, the court considers a number of factors in order to balance of hardships to both parties. *Panaras*, 94 F.3d at 341; *Coleman*, 290 F.3d at 934. These factors include: (1) whether the statute of limitations would bar the plaintiff's re-filing of the complaint; (2) if the defendant has been attempting to evade service or has concealed a defect in the service made; (3) whether an extension of time would harm the defendant's ability to defend the lawsuit; (4) whether the defendant received actual notice of the lawsuit; and (5) whether the defendant was eventually actually served. Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993Amendments; *McLaughlin*, 470 F.3d at 701; *Coleman*, 290 F.3d at 934; *Troxel*, 160 F.3d at 383; *Panaras*, 94 F.3d at 341. The court may exercise its discretion in considering these factors and determining whether to grant an extension of time within which the plaintiff may serve the defendant. *Coleman*, 290 F.3d at 934.

## ANALYSIS

It is not disputed that Stanley's service of process upon Officer Martin was untimely. The complaint in this case was filed on June 14, 2012. (Mot. to Dismiss ¶ 1.) Therefore, the actual service, which was made on November 9, 2012, occurred nearly five months after the complaint was filed and was twenty-eight days outside of the 120-day time limit mandated by Federal Rule of Civil Procedure 4(m).

Because Stanley's service was untimely, the court must determine whether Stanley has carried his burden of showing good cause for his failure to properly serve Officer Martin as required by Rule 4(m). If so, a retroactive extension of time to November 9, 2012 must be granted, and the court's inquiry ends. *Panaras*, 94 F.3d at 340. A finding of good cause requires

the demonstration of a justifiable reason for delay and a showing of reasonable diligence in attempting the service. *Coleman*, 290 F.3d at 934; *Bachenski*, 11 F.3d at 1377. Stanley has not met this burden.

Stanley originally mailed notice of the lawsuit, the complaint, and a waiver of service form to the Riverdale Police Department on June 14, 2010. (Pl.'s Resp. at Add'l Allegations ¶ 1.) Nearly two months later, on August 10, 2012, after apparently receiving no response, Stanley inquired at the Riverdale Police Department about Officer Martin and was falsely told by an unidentified person that Officer Martin was no longer a member of the department. (*Id*. ¶ 2.) Stanley does not specify who conveyed this false information to him, the means by which the information was conveyed, or any other foundation setting forth the speaker's qualifications for answering Stanley's question about Officer Martin. (Dkt. No. 17.) Additionally, although Stanley allegedly retained a private investigator for purposes of locating Officer Martin, Stanley does not explain when the private investigator was hired or how long it took the private investigator to uncover that Officer Martin was still a member of the Riverdale Police Department. (Pl.'s Resp. at Add'l Allegations ¶ 3.) There is no evidence that during this time Officer Martin was difficult to find. As discussed above, Officer Martin submitted an affidavit which states that since April 2012 she has worked weekdays at the Riverdale Police Department from 8:00 a.m. - 4:00 p.m., and has been accessible to the public. Stanley does not allege that Officer Martin evaded service or made it difficult for Stanley to find and personally serve her.

The gap in time between Stanley's August 10, 2012 inquiry and the November 9, 2012 service shows a failure to exercise reasonable diligence in attempting to serve Officer Martin that is not satisfactorily explained in Stanley's response. The court finds no good cause reason for the

5

delay in serving Officer Martin. A retroactive extension of time to serve Officer Martin is therefore not mandatory under Rule 4(m).

The court must now consider whether, in its discretion, it should dismiss the suit for lack of good cause explaining the delay in service, or whether it should nevertheless retroactively extend the time for service to November 9, 2012. *Panaras*, 94 F.3d at 340. "Where a plaintiff has not established good cause for failure to serve a defendant, the court must next inquire into the factors indicating whether a permissive extension of time for service may be warranted." *Brooks v. Union Pacific R.R.*, No. 05 C 4982, 2006 WL 2853597, at *3 (N.D. Ill. Oct. 2, 2006) (Holderman, C.J.).

Officer Martin argues in her motion to dismiss that "[d]ismissal for delayed service or process is not left to the general discretion of the district court but, rather, is mandatory unless good cause is shown." (Mot. to Dismiss ¶ 3.) This assertion is incorrect because the district court does indeed have discretion with regard to dismissal for delayed service or process. Officer Martin cites two federal appellate opinions from the 1990s and from outside the Seventh Circuit, *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990) and *In re Cooper*, 971 F.2d 640, 641 (11th Cir. 1992), in support of her assertion. Those cases are inapposite. The discretion bestowed upon this court to be applied in this case comes from a 1993 amendment to the Federal Rules of Civil Procedure. Former Rule 4(j), cited by both *McDonald* and *Cooper*, did actually *require* the court to dismiss cases that were not filed timely under the 120-day requirement, unless good cause was shown. Nevertheless, this requirement was changed by the 1993 amendments and resulted in current Rule 4(m), which provides the district court with discretion to grant an extension, even in the absence of good cause. *Panaras*, 94 F.3d at 339. Moreover, the United States Court of Appeals for the Seventh Circuit, in describing the appropriateness of an

6

extension in a particular case, highlights the "wisdom of Rule 4(m) in allowing a judge to excuse a delay in service even if the plaintiff has no excuse at all." *McLaughlin*, 470 F.3d at 701.

The first factor to examine in this case is whether the applicable statute of limitations will bar Stanley from re-filing his claims, making a dismissal without prejudice effectively a dismissal with prejudice. *Panaras*, 94 F.3d at 341; *see also Lieberman v. Budz*, No. 00 C 05662, 2013 WL 157200, at *9 (N.D. Ill. Jan. 15, 2013) (Tharp, Jr., J.). As stated at the outset of this opinion, the applicable statute of limitations for Stanley's §1983 claims and battery claim is two years. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *see also* 735 Ill. Comp. Stat. 5/13-202. Because the events alleged in the complaint occurred on June 14, 2010, more than two years ago, a dismissal at this point of the lawsuit would in effect be a dismissal with prejudice, and Stanley would not have the opportunity to further litigate his claims against Officer Martin in this or any other forum.

The court further finds that, in the exercise of its discretion, Officer Martin's ability to defend against Stanley's claims would not be prejudiced if the court now allows plaintiff's service of Officer Martin on November 9, 2012, to be considered proper. Such a determination under these circumstances has the effect to "merely postpone the commencement of litigation." *McLaughlin*, 470 F.3d at 700.

There is no evidence that Officer Martin, herself, was attempting to evade service or to conceal a defect in the service that was made. As discussed above, Officer Martin has been available for personal service at all times since Stanley's complaint was filed with the court. Additionally, according to her affidavit, Officer Martin did not receive actual notice of the lawsuit until November 9, 2012, when she was personally served.

When balancing the effects of these various factors upon the parties, the court concludes that Stanley should be allowed a retroactive twenty-eight day extension of time to serve Officer Martin. Although the court acknowledges that Officer Martin did not evade service and she did not receive actual notice of the lawsuit until the day that she was served, because her ability to defend the claims would not be prejudiced by allowing an extension of time for proper service, because she was eventually actually served by Stanley, and because Stanley's claims would be effectively dismissed with prejudice due to the running of the applicable statute of limitations on his claims, this court believes, in its discretion, that a retroactive twenty-eight day extension of time to properly serve Officer Martin is warranted in this case.

## CONCLUSION

For the reasons stated above, although plaintiff Myron Stanley failed to effectuate timely service of process as required by Federal Rule of Civil Procedure 4(m) and was not able to show good cause for this failure, the court, in its discretion, finds that a retroactive twenty-eight day extension of time to serve process is warranted in this case. Officer Illese Martin's "Rule 12(b)(5) Motion to Dismiss" (Dkt. No. 13) is denied.

Officer Martin's answer is due on or before February 14, 2013. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before February 21, 2013. This case is set for a report on status and entry of a scheduling order on February 26, 2013, at 9:00 a.m. The parties are encouraged to discuss settlement.

                                                ENTER:

                                                _____
                                                JAMES F. HOLDERMAN
                                                Chief Judge, United States District Court

Date: January 29, 2013